UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS SCHUSTER,<br><br>          Petitioner,<br><br>   v.<br><br>J. F. SALAZAR,<br><br>          Respondent. | 1:07-cv-00903-AWI-JMD-HC<br><br>FINDINGS AND RECOMMENDATIONS REGARDING PETITION FOR WRIT OF HABEAS CORPUS<br><br>OBJECTIONS DUE WITHIN THIRTY DAYS |

    Petitioner Thomas Schuster ("Petitioner") is a state prisoner proceeding pro se in this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

### Procedural History

    Petitioner is currently in the custody of the California Department of Corrections and Rehabilitation pursuant to a conviction for second degree murder with the use of a firearm in the Superior Court of California, County of San Bernardino. (Pet. at 47; Answer, Ex. 1). Petitioner plead guilty to one count of second degree murder and one count of use of a firearm pursuant to a plea agreement which provided that Petitioner would be eligible for parole. (Pet. at 23).

    The Superior Court sentenced Petitioner to fifteen years to life for the second degree murder conviction. (Answer, Ex. 1). The Superior Court also sentenced Petitioner to a separate term of two years for the special allegation regarding use of a firearm, to be served consecutively with the fifteen year sentence. Id.

///

1    Petitioner does not challenge his underlying conviction or his sentence. (Pet. at 30). Rather, Petitioner asserts that his due process rights were violated when the Bureau of Parol Hearings ("BPH") denied Petitioner parole in December of 2005. (Pet. at 22).

    On April 1, 2006, Petitioner filed a petition for a writ of habeas corpus with the Superior Court of California, San Bernardino County. (Pet. at 4). The Superior Court issued a reasoned decision denying Petitioner's state habeas petition on August 1, 2006. (Pet. at 4; Answer, Ex. 3).

    Petitioner filed a habeas petition with the California Court of Appeal on August 20, 2006, and the Court of Appeal summarily denied the petition on August 29, 2006. (Pet. at 4). On September 5, 2006, Petitioner filed a habeas petition with the California Supreme Court. (Pet. at 4). The California Supreme Court summarily denied the petition on April 23, 2007. (Pet. at 5).

    Petitioner filed the instant petition for writ of habeas corpus in the United States District Court, Central District of California on June 5, 2007. The petition was transferred to the Eastern District pursuant to an order entered on June 25, 2007. (Doc. 1). Respondent filed a response to the petition on February 6, 2008. Petitioner filed a traverse on February 27, 2008.

### Factual Background

Petitioner does not challenge his underlying conviction or sentence. (Pet. at 30). Rather, Petitioner challenges the BPH's denial of parole on due process grounds. Id. Specifically, Petitioner contends that 1) the BPH's decision to deny Petitioner parole is not supported by "some evidence", and 2) the BPH's denial of parole violates the terms of Petitioner's plea agreement. (Pet. at 5). Accordingly, the factual background relevant to the instant petition concerns the facts underlying the BPH's decision to deny Petitioner parole and the terms of Petitioner's plea agreement. In denying Petitioner's state habeas petition, the Superior Court stated:

> The court has reviewed the record of proceedings before the [BPH] on December 6, 2005, and finds that the Board considered each and every element or criteria it is required to consider in making the findings as set forth in In re Rosenkrantz, 29 Cal. 4th 616....
>
> The Board is required to consider the Petitioner's background, his institutional participation, post-parole plans, as well as the psychological evaluations. The High Court held, however, that the nature of the inmate's offense, alone, could constitute a sufficient basis for denying parole. This does not permit the paroling authority to automatically exclude parole for individuals who have been convicted of a particular type of offense.

> A review of the record supports a finding that there was "some evidence" which led the Board to its finding of unsuitability of the Petitioner for parole, for as the High Court described such evidence, it need be only a "modicum" of evidence.
>
> The Board did consider the positive factors which favored parole and made its finding that these did not outweigh the factors surrounding the circumstances of the crime. While the decision did not reflect the wieghin process of the Board, the Rosenkrantz court, at page 677, clearly states that the Board need not explain its decision or the precise manner in which the specific facts were relevant to parole suitability. This consideration and balancing lie within the discretion of the Board.
>
> The decision of the Board adequately stated the reasons for the two year denial. Further, the finding of unsuitability of parole did not violate the Petitioner's pleas agreement. A review of the agreement does not indicate that there was any reference to or consideration of any provisions for the granting of parole or under what condition parole would be granted.

(Answer, Ex. 3).

## Discussion

**I. Jurisdiction and Venue**

A person in custody pursuant to the judgment of a state court may file a petition for a writ of habeas corpus in the United States district courts if the custody is in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a);[1] 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 529 U.S. 362, 375, n.7 (2000). Venue for a habeas corpus petition is proper in the judicial district where the prisoner is held in custody. See 28 U.S.C. § 2241(d).

Petitioner is currently incarcerated at Corcoran State Prison in Kings County, California. As Petitioner asserts that he is being held in violation of his right to due process under the United States Constitution, and because Kings County is within the Eastern District of California, the Court has jurisdiction to entertain Petitioner's petition and venue is proper in the Eastern District. 28 U.S.C. § 84; 28 U.S.C. § 2241(c)(3).

///

///

---

[1] The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) applies to all petitions for writ of habeas corpus filed after its enactment. Lindh v. Murphy, 521 U.S. 320, (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997), cert. denied, 522 U.S. 1008, 118 S.Ct. 586 (1997) (quoting Drinkard v. Johnson, 97 F.3d 751, 769 (5th Cir.1996), cert. denied, 520 U.S. 1107, 117 S.Ct. 1114 (1997), overruled on other grounds by Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059 (1997) (holding AEDPA only applicable to cases filed after statute's enactment). The instant petition was filed after the enactment of the AEDPA and is therefore governed by its provisions.

## II. Standard of Review

Section 2254 "is the exclusive vehicle for a habeas petition by a state prisoner in custody pursuant to a state court judgment, even when the petitioner is not challenging his underlying state court conviction." Sass v. California Board of Prison Terms, 461 F.3d 1123, 1126 (9th Cir. 2006) (quoting White v. Lambert, 370 F.3d 1002, 1009-10 (9th Cir. 2004)). Under section 2254, a petition for habeas corpus may not be granted unless the state court decision denying Petitioner's state habeas petition "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). "A federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly...rather, that application must be objectively unreasonable." Lockyer v. Andrade, 538 U.S. 63, 75 (2003) (citations omitted).

## III. Petitioner's Due Process Claims

The Due Process Clause of the Fourteenth Amendment of the United States Constitution prohibits states from depriving persons of protected liberty interests without due process of law. See, e.g., Sass, 461 F.3d at 1127. The Court must "analyze Petitioner's due process claim in two steps: 'the first asks whether there exists a liberty or property interest which has been interfered with by the State; the second examines whether the procedures attendant upon that deprivation were constitutionally sufficient.'" Id. (quoting Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 460 (1989) partially overruled on other grounds by Sandin v. Conner, 515 U.S. 472 (1995)).

Petitioner advances two distinct arguments in support of his petition. First, Petitioner contends that the BPH's denial of parole was not based on "some evidence" and thus violates Petitioner's right to due process. Second, Petitioner contends that the denial of parole contradicts the terms of Petitioner's plea agreement and thus violates Petitioner's due process rights. The Superior Court rejected both of Petitioner's contentions in the only reasoned decision provided by the state. (Answer, Ex. 3).

///

In reviewing a state court's summary denial of a state habeas petition, the Court must "look through" the summary disposition to the last reasoned decision issued by the state. Ylst v. Nunnemaker, 501 U.S. 797, 806 (1991). As the California Court of Appeal and the California Supreme Court both summarily denied Petitioner's state habeas petition, the Court must review the reasoned decision of the San Bernardino Superior Court denying Petitioner relief. The California Supreme Court is presumed to have rejected Petitioner's state habeas petition for the same reasons set forth in the reasoned decision of the San Bernardino Superior Court. Id. at 803.

Section 2254 requires the Court to give considerable deference to state court decisions, Himes v. Thompson, 336 F.3d 848, 852-53 (9th Cir. 2003), and the state court's factual findings are presumed correct, 28 U.S.C. § 2254(e)(1). The Court is bound by the state's interpretation of its own laws. Souch v. Schaivo, 289 F.3d 616, 621 (9th Cir.2002), cert. denied, 537 U.S. 859 (2002). The Court must also defer to the state court's determination of the federal issues unless that determination is "contrary to, or involved an unreasonable application of, clearly established Federal law." Lockyer, 538 U.S. at 74-75.

**A. The "Some Evidence" Standard**

California law vests prisoners whose sentences provide for the possibility of parole with a constitutionally protected liberty interest in the receipt of a parole release date. Irons v. Carey, 505 F.3d 846, 850-51 (9th Cir. 2007); Sass, 461 F.3d at 1128; McQuillion v. Duncan, 306 F.3d 895, 903 (9th Cir. 2002) (citing Greenholtz v. Inmates of Neb. Penal and Corr. Complex, 442 U.S. 1, 12 (1979)); Biggs v. Terhune, 334 F.3d 910, 915 (2003). While California's parole statute creates a liberty interest protected by the Due Process Clause, Irons, 306 F.3d at 903, "since the setting of a minimum term is not part of a criminal prosecution, the full panoply of rights due a defendant in [a criminal prosecution proceeding] is not constitutionally mandated" in the parole context, Pedro v. Oregon Parole Bd., 825 F.3d 1396, 1399 (9th Cir. 1987). The Ninth Circuit has repeatedly held that due process requires that a parole board's denial of parole to a prisoner be supported by "some evidence." Irons, 505 F.3d at 851 (citing Sass, 461 F.3d at 1128-29 (quoting Superintendent v. Hill, 472 U.S. 445, 457(1985)); see also Biggs, 334 F.3d at 915; McQuillion, 306 F.3d at 904.

///

The requirement that the Board's denial of parole to Petitioner be supported by some evidence is well established federal law.[2] Irons, 505 F.3d at 851 (citing Sass, 461 F.3d at 1128-29 (quoting Superintendent v. Hill, 472 U.S. 445, 457(1985)); see also Biggs, 334 F.3d at 915.

The "some evidence" standard is minimal, and is meant only to "[assure] that 'the record is not so devoid of evidence that the findings of...[the] board were without support or otherwise arbitrary.'" Sass, 461 F.3d at 1129 (quoting Hill, 472 U.S. at 457). In assessing whether the Board's denial of parole to Petitioner is supported by "some evidence," the Court's analysis

> "is framed by the statutes and regulations governing parole suitability determinations in the relevant state... [a]ccordingly, here we must look to California law to determine the findings that are necessary to deem a prisoner unsuitable for parole, and then must review the record in order to determine whether the state court decision holding that these findings were supported by 'some evidence' in [Petitioner's] case constituted an unreasonable application of the 'some evidence' principle articulated in Hill."

Irons, 505 F.3d at 851.

The paramount inquiry in determining whether to grant a prisoner parole is whether the prisoner "will pose an unreasonable risk of danger to society if released from prison." CAL. CODE. REGS. TIT 15, § 2402(a) (2008). Title 15, section 2402 of the California Code of Regulations sets forth the factors to be considered by the BPH in applying California's parole statute to Petitioner. Section 2402 provides in part:

> All relevant, reliable information available to the panel shall be considered in determining suitability for parole. Such information shall include the circumstances of the prisoner's social history; past and present mental state; past criminal history, including involvement in other criminal misconduct which is reliably documented; the base and other commitment offenses, including behavior before, during and after the crime; past and present attitude toward the crime; any conditions of treatment or control, including the use of special conditions under which the prisoner may safely be released to the community; and any other information which bears on the prisoner's suitability for release. Circumstances which taken alone may not firmly establish unsuitability for parole may contribute to a pattern which results in a finding of unsuitability.

CAL. CODE. REGS. TIT 15, § 2402(b) (2008).

///

///

---

[2] The Ninth Circuit is currently considering the "some evidence" standard en banc. Hayward v. Marshall, 512 F.3d 536, (9th Cir. 2008) reh'g en banc granted, 527 F.3d 797 (2008).

U.S. District Court
E. D. California

6

The Superior Court's order suggests that the Superior Court may have relied solely on Petitioner's commitment offense in determining the BPH's decision was supported by "some evidence," although the Superior Court's reasoning is unclear. Section 2402 (c) (1) expressly permits the BPH to consider the commitment offense in determining suitability for parole. However, both the Ninth Circuit and the California Supreme Court have suggested that at some point, relying solely on a prisoner's commitment offense to deny parole may constitute a denial of due process. See, e.g., Biggs, 334 F.3d 916-917 ("continued reliance...on...the circumstance of the offense and conduct prior to imprisonment...could result in a due process violation"); In Re Lawrence, 44 Cal. 4th 1181, 1202 (Cal. 2008) (where evidence of inmate's rehabilitation and suitability for parole is overwhelming, and commitment offense is both temporally remote and mitigated by circumstances indicating the conduct is unlikely to recur, the immutable circumstance that the commitment offense involved aggravated conduct does not provide "some evidence"). The Court need not answer the difficult question of whether Petitioner's commitment offense, standing alone, constitutes "some evidence" that the Petitioner currently poses an unreasonable risk of danger if released, as it is clear from the record that the BPH relied on factors other than Petitioner's commitment offense in denying Petitioner parole. See Sass, 461 F.3d at 1128 ("relevant question is whether there is *any* evidence in the record that could support the conclusion reached") (emphasis added); see also Biggs, 334 at 916 (despite the fact that several of the Board's reasons for denying parole were not supported by the record, some evidence as to one of the Board's reasons was sufficient to preclude habeas relief).

Even assuming the Superior Court relied solely on Petitioner's commitment offense in determining the BPH decision was supported by some evidence, and assuming *arguendo* that such reliance would violate clearly established federal law, Petitioner is not entitled to relief because a *de novo* review of Petitioner's parole hearing reveals that the BPH's decision is supported by some evidence. In discussing its decision to deny parole, the BPH stated "we believe you are minimizing the killing...you have not come to true grips with...the killing of this man...we don't believe that you have true insight as of this time into the crime." (Answer, Ex. 2, 65). Whether or not a prisoner understands "the nature and magnitude of the offense" is an express factor the BPH may consider in determining a prisoner's suitability for parole. CAL. CODE. REGS. TIT 15, § 2402 (d) (3).

1    The BPH also noted the presence of high risk factors present in Petitioner's latest
2 psychological evaluation, including Petitioner's past criminal history:

> "the high risk factors are that you do have prior adult criminal history, history of alcohol and drug abuse, alcohol played a significant role in this offense...the doctor indicates that he didn't believe that [Petitioner] really has a full appreciation of the level of difficulty that the alcohol was creating in his life at the time of the offense...within a community setting it is felt that [Petitioner] is no more likely than an average citizen to become involved in violence."

7 (Answer, Ex. 2, 57-59).[3]  The BPH further commented that Petitioner "failed to profit from society's
8 previous attempt to correct his criminality."  Id., 63.  Prior criminal history is an express factor that
9 may be considered in determining suitability for parole.  CAL. CODE. REGS. TIT 15, § 2402 (d) (6).

10   Because the BPH did not rely solely on Petitioner's commitment offense in denying
11 Petitioner parole, Petitioner would not be entitled to relief even upon a *de novo* review of the parole
12 hearing.  The "some evidence" standard is minimal, and is meant only to "[assure] that 'the record is
13 not so devoid of evidence that the findings of...[the] board were without support or otherwise
14 arbitrary.'" Sass, 461 F.3d at 1129 (quoting Hill, 472 U.S. at 457).  Accordingly, Petitioner's claim
15 that the BPH's denial of parole is not supported by some evidence fails.

16    **B. The Superior Court's Assessment of Petitioner's Plea Agreement**

17    A criminal defendant's right to due process entitles her to enforce the terms of a plea
18 agreement.  Santobello v. New York, 404 U.S. 257, 261-262 (1971).  "Plea agreements are
19 contractual in nature and are measured by contract law standards."  United States v. De La Fuente, 8
20 F.3d 1333, 1337 (9th Cir. 1993).  In construing an agreement, the court must determine what the
21 defendant reasonably understood to be the terms of the agreement when he pleaded guilty.  Id.

22   Petitioner contends that the state's continued denial of parole violates the terms of his plea
23 agreement.  However, there is no evidence in this case, and Petitioner does not allege, that the
24 District Attorney's Office promised that Petitioner would be released on parole after a serving a
25 certain amount of time or on a certain date.  Rather, Petitioner merely alleges that "the State has
26 offered and accepted a plea that promises the defendant that the crime itself is parole *eligible*." (Pet.
27 at 23) (emphasis added).  The fact that Petitioner's plea agreement states that Petitioner's crime is
28

---

[3] The BPH nevertheless characterized Petitioner's latest evaluation as "favorable." (Answer, Ex. 3, 57).

eligible for parole does not mean that Petitioner will automatically be found suitable for parole under California's parole guidelines. Petitioner also advances an alternative argument. Petitioner contends that if he would have known that his commitment offense, standing alone, would be sufficient to deny him parole, he would not have accepted the plea. As discussed above, the BPH did not rely solely on his commitment offense in denying Petitioner parole, so the Court need not decide whether such action would violate Petitioner's plea agreement.

Although Petitioner's plea agreement is not contained in the record, the Superior Court examined the agreement and determined that "the agreement does not indicate that there was any reference to or consideration of any provisions for the granting of parole or under what condition parole would be granted." (Answer, Ex. 3). Given the deferential AEDPA standard of review the Court is bound to apply, the failure of Petitioner to provide the Court with a copy of the plea agreement necessarily prevents the Court from holding that the Superior Court's determination is "contrary to, or involved an unreasonable application of, clearly established Federal law." Lockyer, 538 U.S. at 74-75. Accordingly, Petitioner is not entitled to relief.

## RECOMMENDATION

Based on the reasons stated above, the Court RECOMMENDS that the petition for writ of habeas corpus be DENIED WITH PREJUDICE and the Clerk of Court be DIRECTED to enter judgment for Respondent.

This Findings and Recommendation is submitted to the Honorable Anthony W. Ishii, United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(c).

The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991). IT IS SO ORDERED.

**Dated:   February 24, 2009         /s/ John M. Dixon**
                                   UNITED STATES MAGISTRATE JUDGE